**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4475-17T4

ANTONIO CHAPARRO NIEVES,
a/k/a ANTHONY CHAPARRO,

    Plaintiff-Respondent,

v.

OFFICE OF THE PUBLIC DEFENDER
and PETER S. ADOLF, ESQ.,

    Defendants-Appellants.

_____

Argued September 26, 2018 – Decided November 28, 2018

Before Judges Alvarez, Nugent, and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Union County, Docket No. L-0435-16.

Christopher Riggs, Deputy Attorney General, argued the cause for appellants (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Robert J. McGuire, and Daniel M. Vannella, Deputy Attorneys General, on the briefs).

Thomas D. Flinn argued the cause for respondent (Garrity, Graham, Murphy, Garofalo & Flinn, PC,

attorneys; Thomas D. Flinn, of counsel and on the brief).

PER CURIAM

Plaintiff Antonio Chapparo Nieves sued defendants Office of the Public Defender (OPD) and Peter S. Adolf, Esquire, alleging legal malpractice and breach of the New Jersey Rules of Professional Conduct. On January 5, 2018, a Law Division judge granted defendants' motion for summary judgment as to the Rules of Professional Conduct, but denied the application as to the legal malpractice claim. The judge also denied defendants' motion for reconsideration on February 20, 2018. The Supreme Court remanded the matter for our consideration after defendants' unsuccessful application for leave to appeal. We now reverse.

The factual background can be briefly explained. Plaintiff was incarcerated for twelve years on serious charges, including first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(3). He was eventually released and the charges dismissed on his petition for post-conviction relief. He has already recovered under the Mistaken Imprisonment Act, N.J.S.A. 52:4C-1 to -7.

Defendants raise the following points on appeal:

POINT I
THE TRIAL COURT ERRED IN HOLDING THAT
THE STATE'S OPD AND PUBLIC DEFENDERS
ARE NOT A "PUBLIC ENTITY" AND "PUBLIC
EMPLOYEES" SUBJECT TO ALL OF THE TCA's
IMMUNITIES AND DEFENSES.

POINT II
THE TRIAL COURT ERRED IN HOLDING THAT
PLAINTIFF'S SUBJECTIVE TESTIMONY OF
EMOTIONAL DISTRESS, ALONE, IS SUFFICIENT
TO PRESENT TO A JURY, NOTWITHSTANDING
THE TCA'S THRESHOLD REQUIREMENTS.

We review a trial court's decision on a motion for summary judgment de novo, Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010), and apply the same standard employed by the trial court, Rowe v. Mazel Thirty, LLC, 209 N.J. 35, 41 (2012). Summary judgment should be granted where there is no genuine issue of material fact, viewing the evidence in the light most favorable to the non-moving party, and the moving party "is entitled to judgment as a matter of law." Id. at 41 (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529 (1995)); R. 4:46-2(c).

The heart of this appeal is whether, given the significant consequences when a public defender does not properly represent a criminal client, the procedural requirements of the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3, should nonetheless apply. The Supreme Court has spoken on the issue.

The TCA requires that a claimant file a timely notice of claim as a condition of suit, N.J.S.A. 59:8-8. If not filed within ninety days of the cause of action's accrual, a claimant may, within one year of accrual, seek leave of court to file a late claim notice. N.J.S.A. 59:8-9. In Rogers v. Cape May Office of the Public Defender, 208 N.J. 414 (2011), the Court considered whether for purposes of filing a late notice of claim in a legal malpractice action against the OPD, the plaintiff's exoneration date in the criminal matter—the accrual date for the malpractice action—was the decision date of a successful appeal or the later indictment dismissal date. Id. at 417. In Rogers' case, the two choices had significantly different consequences.

If the earlier date applied, Rogers would be barred from pursuing his cause of action by the TCA's one-year limitation for filing a notice of claim. Ibid. If the dismissal date applied, Rogers was not barred from filing a motion for leave to file a late claim notice. Ibid.; N.J.S.A. 59:8-9. The Court held the date the indictment was dismissed was the date defendant was exonerated. Rogers, 298 N.J. at 417. In so holding, the Court expressly stated, "Claims for damages against defendants—a public entity and a public employee—are subject to the provisions of the Tort Claims Act. See N.J.S.A. 59:1-1 to 12-3." Id. at 420.

A-4475-17T4

The Court has also addressed the issue of whether the TCA's limitation on recovery for pain and suffering, N.J.S.A. 59:9-2(d)—sometimes referred to as the TCA's verbal threshold, though it includes a threshold for medical expenses—applies to false imprisonment claims. It does. In DelaCruz v. Borough of Hillsdale, 183 N.J. 149, 153 (2005), the plaintiff sought compensation because of alleged common law false arrest and false imprisonment. By way of dictum, the Court said:

> the effect of the verbal threshold is limited to pain and suffering claims . . . [and] the need to vault the verbal threshold is not limited to false arrest or false imprisonment claims; the Act makes no such distinctions and, instead, treats all torts similarly. The clear terms of the [TCA] require that all claims—including those for false arrest and false imprisonment—must vault the verbal threshold in order to be cognizable.
>
> [Id. at 164-65 (emphasis added).]

Because plaintiff had not met the TCA's verbal threshold, his otherwise meritorious claims were dismissed. Id. at 162. Although the court's observation that the TCA "treats all torts similarly"—and that all claimants "must vault the verbal threshold"—was dictum, it is still binding on us. See State v. Sorensen, 439 N.J. Super. 471, 488 (App. Div. 2015).

5

In <u>Toto v. Ensuar</u>, 196 N.J. 134, 147 (2008), the Court clarified that the <u>DelaCruz</u> statement regarding the applicability of the verbal threshold to all causes of action did not affect the exceptions enumerated in N.J.S.A. 59:3-14. Unfortunately for Nieves, the conduct he alleges does not fall within any of those exceptions.

It is clear from the cited Supreme Court precedent the OPD is a public entity and public defenders are public employees that come within the TCA's immunities and defenses. It therefore follows that in order to withstand summary judgment, and in order for defendant to pursue non-economic damages, he too must meet the procedural requirements of the TCA. Claims of negligence, such as for legal malpractice, are included within the TCA's scope. <u>See</u> N.J.S.A. 59:1-2; 59:2-1; 59:3-1. The cited decisions should have informed the Law Division judge's ruling. The record includes no medical or psychiatric expenses that can be counted towards the verbal threshold. <u>See</u> N.J.S.A. 59:9-2(d). Thus, Nieves has failed to meet that requirement.

In addition to incurring the threshold for medical expenses, $3600, N.J.S.A. 59:9-2(d), Nieves was required to establish, by objective medical evidence, permanent injury and the permanent loss of a bodily function that is substantial. <u>See</u> <u>Knowles v. Mantua Twp. Soccer Ass'n</u>, 176 N.J. 324, 329

(2003); <u>Gilhooley v. Cty. of Union</u>, 164 N.J. 533, 540-41 (2000). No such evidence exists in this record. No expert was retained. That TCA requirement was not met either.

The issue is not, as cast by the Law Division judge, whether a defendant is entitled to the same level of competency when represented by a public attorney as when represented by private counsel. The same level of competency is absolutely expected from both. The issue is whether, as a matter of law, plaintiff has satisfied the statutory baseline requirements under the TCA, which applies to the OPD and its attorneys. He has not.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION